# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEROY COLLINS,

    Petitioner,

vs.

ANTHONY SCILLIA, et al.,

    Respondents.

2: 09-cv-02308-RLH-RJJ

**ORDER**

       This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 submitted by petitioner on December 7, 2009 and filed on May 5, 2010. (ECR No. 5.) Before the Court is respondents' Motion to Dismiss (ECF No. 7) and petitioner's Response (ECF No. 11). Based upon the discussion which follows, the Motion to Dismiss shall be granted.

**I.    Procedural Background**

       Petitioner was originally incarcerated on charges of sexual assault and robbery in 1977. Exhibit D.[1] Petitioner was sentenced to life on the sexual assault charge with a consecutive five year sentence for robbery. *Id.* Petitioner was granted parole on the sexual assault charge in 1980 and in 1987 was paroled on the robbery charge, whereupon he was released from prison. *Id.* Petitioner remained on parole under the life sentence until the time of his arrest and conviction on new charges of burglary, robbery, robbery with the use of a deadly weapon and sexual assault with the use of a deadly weapon 1989. Exhibit E, p. 2. These charges were made in at least two separate cases with

---

[1] The exhibits referenced in this Order were submitted by respondents in support of their Motion to Dismiss and are found in the Court's docket at ECF 17.

1 two separate judgments of conviction - one on a jury verdict and one on a guilty plea. *Id.,*
2 Petitioner's parole from the 1977 convictions was revoked. *Id.*

3     In April 2008, petitioner filed a post-conviction petition. Exhibit F. The petition challenged
4 denial of institutional parole from the original life sentence to allow petitioner to begin serving the
5 sentences imposed under the new conviction.[2] *Id.* The petition was denied and petitioner appealed.
6 The Nevada Supreme Court considered the petition on its merits and denied relief on December 17,
7 2008. Exhibit K. The instant federal petition was submitted for filing just less than one year later,
8 on December 7, 2009.

9     Respondents move to dismiss the petition as untimely, for failing to raise a federal claim
10 cognizable under 28 U.S.C. § 2254 and as moot. Petitioner opposes dismissal.

11 **II.    Discussion**

12     The petition in this case raised five grounds for relief claiming due process and equal
13 protection violations under the Fifth and/or Fourteenth Amendments because the Nevada
14 Department of Corrections and the Parole Board failed to grant him an institutional parole when he
15 was re-incarcerated in 1989 after his original parole was revoked and he was convicted on additional
16 charges. He contends that institutional parole is mandatory and that the requirements that he obtain
17 a psych panel certification before he could receive the institutional parole was improper under
18 Nevada law.

19     A.    <u>Timeliness</u>

20     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
21 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas
22 corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*,
23 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant

---

[2] Institutional parole, the Court is informed, means parole from one consecutive sentence to the next. The convict is not actually released from custody, but is able to move on to a consecutive sentence. Petitioner also refers to a "grace of the state contract" which refers to parole out of custody. *See* Exhibit K, p. 3.

2

petition was filed on December 7, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to the state petition, petitioner was seen by the parole board every three years, as required by Nevada law, but that he failed to receive a "Psych Panel certification" which would have allowed the parole. Finally, in 2000, petitioner was granted his psych certification and was paroled from his original life sentence to the first of his new sentences. Exhibit C, pp. 5-8. Respondents argue that the petition is untimely because petitioner failed to bring his federal petition within one year from the date that the decision to deny his institutional parole became final. Respondents note that the decision to deny the institutional parole was originally made in 1989, according to the petition, when petitioner was returned to prison under his original life sentenced. *See,* Exhibit A and Exhibit C, pp. 4-5. Petitioner opposes this argument with much legal citation, but with no discussion as to how the law applies to his particular case.

Rightfully, the limitation period would be tolled during the time his state post-conviction

1  petition was pending, *if* that petition was properly filed.  In this case, however, the one year period
2  had already expired.  *Redd v. McGrath,* 343 F.3d 1077, 1084 (9th Cir. 2003) (For administrative
3  decisions, the one-year limitation period begins on the date the decision become final.)  Although
4  the complained of action first occurred 1989 and was repeated every three years until 2000, the one-
5  year period imposed under the AEDPA commenced April 24, 1996 and expired April 23, 1997,
6  more than ten years before petitioner filed his state petition.  Thus, the federal petition is untimely
7  and must be dismissed.

8        B.  Failure to State a Federal Claim

9        Respondents also argue that the petition fails to state a federal claim for relief.  The Ninth
10 Circuit has concluded that Nevada inmates cannot properly challenge Nevada's application of its
11 own parole statutes or the standards used in granting parole in the context of a federal habeas action.
12 *See Moor v. Palmer,* 603 F.3d 658, 661 (9th Cir. 2010) (citing *Greenholtz v. Inmates of Neb. Penal*
13 *and Corr. Complex,* 442 U.S. 1, 7-8, 10-11 (1979), but recognizing no liberty interest in parole is
14 created under Nevada law.)   Petitioner has failed to state a federal claim for relief in this petition.

15       C.  Mootness

16       Because petitioner has been paroled to his newer sentences, there is no relief available by
17 way of the instant petition, rendering it moot.

18 **IV.   Certificate of Appealability**

19       In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28
20 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951
21 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a
22 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
23 certificate of appealability.  *Id.;*  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84
24 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's
25 assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).
26 In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues

are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 7) is **GRANTED.** The Petition is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

The Clerk shall enter judgment accordingly.

DATED: February 28, 2011.

PHILIP M. PRO
United States District Judge